## New York Marine Court.

### Trial Term—April, 1881.

## WARNER *v.* THE RECTOR AND TRUSTEES OF THE HOLY CHURCH.

**Master and Servant. Duty of Employee.**—The plaintiff was employed to sing a base or baritone part in the choir of the defendant's church. The defendants directed him to take a subordinate part, which he refused to do. He was thereupon discharged before the expiration of the term of service. *Held,* that the discharge was illegal.

### CHARGE TO THE JURY.

Judge McADAM charged the jury as follows:

"The plaintiff sues to recover $320 damages for an alleged breach of contract. It is conceded that the plaintiff was employed to sing in the choir of the defendant's church, at a yearly salary of $350, payable monthly, and that the plaintiff entered upon his duties under this contract. The parties differ however as to the terms and conditions of the hiring. The plaintiff claims that the contract was unconditional for one year from January 1, 1880, and that he was engaged to sing a 'base' or 'baritone' part. That he was at all times able, ready and willing to perform this contract, but that the defendant declined to receive his services unless he consented to sing in a subordinate part, which he refused to do. That he had no other employment during the term, and that in consequence, he has suffered damages to the amount of $320, for which he demands judgment against the defendant. If you believe this evidence, the plaintiff is entitled to the verdict which he claims. The defendant, on the other hand, claims, that the hiring was conditional; that if the plaintiff became dissatisfied with the defendant, or the defendant with him, either might terminate the engagment on

giving one month's notice to the other. That the defendant became dissatisfied with the plaintiff and thereupon gave him the required notice, and in that way terminated the contract. If you believe this version of the contract, and find that the plaintiff was paid for the services actually rendered, you will find a verdict in favor of the defendant.

"If you accept the plaintiff's theory of the contract as correct, a question of law presents itself upon which I am obliged to instruct you.

"If you find that the plaintiff was specially employed to sing a 'base' or 'baritone' part, the defendant had no right to assign him, against his will, to any inferior part. If, however, he was employed to assist in the choir generally, he was bound to take any part to which he was assigned, and was competent to fill. If the plaintiff was employed in this general way, and refused to comply with these reasonable requirements, he cannot recover. But if he was specially employed to sing a 'base' or 'baritone' part, he was under no obligation to take any other. To practically explain what I mean, I will give you an illustration. If Levy, the celebrated cornetist, were employed to play the 'cornet' at the opera, his employer could not change the contract, against his will, by assigning him to play the 'big drum.' Mr. Levy might be admirably qualified for this service, and might perform it to the edification of every one present, but he could not be required to perform this service against his will. The case put may be an extreme one, but it is only used to illustrate the proposition I am endeavoring to state. You will apply the illustration as far as is necessary to make my remarks clear. You will take this case and deal with it carefully and conscientiously. The parties and witnesses are respectable, and all are undoubtedly honest in their convictions respecting the facts in dispute, but some of them must, in the nature

of things, be incorrect in their present recollection of the facts ; you will by your verdict settle the dispute which differences of recollection rather than litigious motives have occasioned."

The jury found in favor of the plaintiff, for. the entire balance of the salary remaining unpaid.

No appeal was taken.

The master cannot lawfully require his servant to labor at any other business than that for which he was employed; and a servant, hired for a special service, may refuse to labor at another and different business without incurring the penalties of insubordination. Thus, where a theatrical manager employed a *danseuse as premier second danseuse*, it was held that he could not require her to appear in any dance that did not enter into that employ according to the terms of the contract, or the usages of theaters; and having dismissed her because she refused to dance a parlor dance, in parlor dress, with the *figurantes* of the theater, it was held that he was liable to her for her unexpired salary (Baron v. Placide, 7 *La. Ann.* 229; and for the rule and the exceptions to it see *Wood, Master & Servant*, § 89, *et seq.*).